# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **DALE JOSEPH LYNCH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:16-cv-02859** |
| | ) | **Judge Roberts / Frensley** |
| **RICHARD LORY and TIMOTHY LORY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>REPORT AND RECOMMENDATION</u>

This matter is before the Court upon two identical "Motion[s] to Dismiss with Memorandum": one filed by each of the two Defendants. Docket Nos. 7, 8. Defendants argue that this action must be dismissed because this Court does not have jurisdiction over this matter, as there is neither diversity of the parties, as all parties are residents of McEwen, Tennessee, nor is there the implication of any federal question since Plaintiff simply alleges the common law torts of trespass to land resulting from the harvesting of standing timber by neighbors and assault by a neighbor. *Id., citing* Docket Nos. 1, 5. Defendants argue that there is no alleged violation of the constitution, laws, and/or treaties of the United States; and that the only reference Plaintiff makes to any substantive statutory jurisdictional basis is on page 3 of his Complaint, under his signature block, where the phrase "See Civil Rights Act of 1866" conclusorily appears without expoundment. *Id.* Defendants contend that even if the Court liberally construes Plaintiff's conclusory inclusion of the phrase "See Civil Rights Act of 1866" as implicating either 42 U.S.C. §§1981, 1983, or 1985, Plaintiff cannot sustain claims under those theories because: (1) Plaintiff does not allege that Defendants somehow denied him equal protection under any law, such that

Plaintiff cannot sustain a claim under 42 U.S.C. §1981; and (2) they are private citizens and did not, and can not, act under color of state law, such that Plaintiff cannot sustain a claim under 42 U.S.C. §1983 or §1985. *Id.*

Plaintiff, who is pro se, but who paid the filing fee, has filed a Response opposing Defendants' Motions to Dismiss. Docket No. 11. Plaintiff's Response is three (3) pages of inapposite statements that are neither relevant to the issues before the Court nor address the arguments raised by Defendants in their Motions to Dismiss. *See id.*

Plaintiff, who is a resident of McEwen, Tennessee, alleges that Richard Lory and Timothy Lory, who are both residents of McEwen, Tennessee, were cutting down timber on the land of Kimberlee Spilker, who is also a resident of McEwen, Tennessee. Docket Nos. 1, 5.[1] Plaintiff further alleges that he "went up to" Defendants and "told them to leave that's my timber," and "Timothy Lory assaulted me." Docket No. 1.[2] Plaintiff also states that he called the Humphrey's County Police and that he went to Waverly, Tennessee to hire an attorney to get an injunction. *Id.*

Taking the allegations of Plaintiff's Complaint as true, all parties are residents of McEwen, Tennessee. Diversity jurisdiction, therefore, does not exist herein. Also taking the allegations of Plaintiff's Complaint as true, Plaintiff's allegations do not give rise to a federal

---

[1] There are contradictory allegations in Plaintiff's submissions as to whether the trees and/or the land belonged to Kimberlee Spilker (who is not a party to the instant action) or to Plaintiff. *See* Docket Nos. 1, 5. The ownership of the trees and/or the land, while impacting whether Plaintiff would have standing to file suit, does not bear upon whether this Court has jurisdiction over this matter.

[2] Plaintiff offers no further explanation of what exactly Timothy Lory did or what, if any, his injuries were. As noted above, however, the issues surrounding any alleged "assault" by Timothy Lory do not bear upon whether this Court has jurisdiction over this matter.

question.  This case simply involves the alleged trespass onto the land of another, the alleged removal of trees from said land, and some type of an alleged assault by one of the people purportedly removing trees when confronted by the purported owner of the trees.  Plaintiff's claims sound in Tennessee common law, not federal law.

For the reasons discussed above, the undersigned recommends that Defendants' Motions to Dismiss (Docket Nos. 7, 8) be GRANTED, and that this action be DISMISSED WITH PREJUDICE.

Defendants have sought recovery of their attorneys fees.  *See* Docket Nos 7, 8.  Although Plaintiff filed this action in federal court instead of state court, the undersigned does not feel that Plaintiff's filing in federal court warrants an award of attorneys fees.  Accordingly, the undersigned does not recommend such an award.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court.  Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections.  Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.  *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
JEFFERY S. FRENSLEY
United States Magistrate Judge

3